

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 9, 2007**              **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ARTURO GARCIA, | § | CASE NO. 07-50226-RLJ-13 |
| | § | |
| DEBTOR | § | |

### MEMORANDUM OPINION

The Court considers whether to confirm the debtor's chapter 13 plan that provides a mechanism for creditors secured by lien notations on certificates of title to release their liens upon either the debtor's payment of the entire indebtedness owed to the creditor or entry of discharge under section 1328 of the Bankruptcy Code. DaimlerChrysler Financial Services Americas, LLC ("DaimlerChrysler") opposes confirmation in light of the release provision.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(b); this is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L). This Memorandum Opinion contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

**Statement of Facts**

The debtor, Arturo Garcia, filed this chapter 13 case on June 29, 2007. His initial chapter 13 plan was filed July 12, 2007. DaimlerChrysler filed an objection to confirmation of the plan on August 7, 2007. The debtor then filed an amended chapter 13 plan on August 15, 2007. It is undisputed that DaimlerChrysler has a perfected security interest in a 2004 Dodge Stratus, as reflected on the certificate of title in DaimlerChrysler's possession. Garcia's amended chapter 13 plan includes DaimlerChrysler's claim at section E.(2)(a) of the form chapter 13 plan and provides that he will pay DaimlerChrysler's claim of $15,823.43 over fifty four months at an annual interest rate of 10.25 percent. The plan does not attempt to bifurcate DaimlerChrysler's claim, i.e., it treats the claim as a fully secured claim. The amended plan includes an "Additional Plan Provision" as follows:

> <u>Release of Lien on Certificated Titles</u>
> <u>Upon the satisfaction or other discharge of a security interest (in accord with 11 U.S.C. Sec. 1325(a)(5)(B)(i)) in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Department of Motor Vehicles prescribes, and mail or deliver the certificate and/or release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by the failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.</u>

The provision will be referred to as the "Release Provision."

**Discussion**

The debtor contends that this provision is placed in the plan to accomplish two goals: first, to provide for the timely release of liens once the underlying debt has been paid or the discharge granted; second, to provide some clarity "as to a remedy and a forum to which the debtor may turn when the secured party does not timely release its lien." (Debtor's Mem. Supp. Plan 3.) DaimlerChrysler contends that the Release Provision is too vague, is unnecessary, and, more important, improperly attempts to extend the bankruptcy court's jurisdiction.

Section 1325(a)(5)(B)(i) of the Bankruptcy Code states that, as a condition of confirmation, a chapter 13 plan must provide that each secured creditor retains its lien until the earlier of (1) payment of the underlying debt as determined under non-bankruptcy law, or (2) discharge under section 1328 of the Bankruptcy Code. There is no dispute here concerning the meaning and effect of this provision. The question here is whether the Release Provision goes beyond what is required by section 1325(a)(5)(B)(i). The Court is not generally offended by a provision that requires a lien release upon the debtor's satisfaction of either of the two conditions of section 1325(a)(5)(B)(i). It would appear sufficient to simply state that the secured party must release its lien upon payment of its debt or upon discharge. While the Bankruptcy Code, and specifically chapter 13 of the Bankruptcy Code, does not specifically sanction a release mechanism, section 1322(b), which lists allowable provisions in a chapter 13 plan, states at subsection (b)(11) that the plan may "include any . . . provision not inconsistent with [title 11]." In addition, as has been pointed out by the debtor, section 105 of the Bankruptcy Code allows the Court to issue any order that is "necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a). Accordingly, there is sufficient authority in the Bankruptcy Code to

allow inclusion of release-of-lien language in a chapter 13 plan.

Upon a practical review of the Release Provision here, the Court has a few observations. First, the first sentence of the Release Provision raises certain questions. It states that "after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order," a secured party must execute a release. What constitutes "demand" or "notice of the entry of the Discharge Order?" The second sentence states that confirmation of the plan imposes an affirmative duty on each secured party to comply with the Release Provision. This provision strikes the Court as unnecessary. After all, why would a secured party not have an affirmative duty to comply with a provision of a plan that is approved by the Court? A charitable reading of the sentence allows the Court to construe it to simply mean that an affirmative duty is imposed on each secured party to release its lien upon payment or discharge. The last sentence, which provides that the debtor reserves the right to file a motion to reopen the case to pursue his rights and claims, is not necessarily offensive to the Court, but the Court is not aware of any requirement that the debtor must, in effect, reserve such right. While the first, second, and last sentence do not necessarily clarify a secured creditor's obligation, they do not, in the Court's view, invalidate the plan.

The penultimate sentence and the sentence preceding it are problematic, however. They, in effect, provide that the Court has jurisdiction over any future dispute or problem that may arise regarding the Release Provision and place the venue for any such dispute with the Court. For the Court to approve a plan with such a provision, it would be predetermining jurisdiction over an issue that may or may not arise in the future.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen*

- 4 -

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Like that of other federal courts, a bankruptcy court's jurisdiction is grounded in, and limited by, statute. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). The present statutory scheme for bankruptcy court jurisdiction provides that, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In turn, the district courts may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The United States District Court for the Northern District of Texas has referred all such matters to this Court by the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, filed August 8, 1984.

The debtor requests that the Court confirm a chapter 13 plan that contains a provision purporting to blanket the Court with jurisdiction at some undetermined time in the future in order to resolve a dispute that may or may not ever arise. It is impossible for the Court, sitting here today, to determine that it will have jurisdiction over a hypothetical dispute that would most likely arise, if at all, after the present bankruptcy case has been closed. This would, in essence, write the Court's own jurisdictional ticket and enlarge its jurisdiction by judicial decree, which it cannot do.

## Conclusion

Upon the foregoing, the Court concludes that the Court cannot confirm the debtor's chapter 13 plan in light of the language of the Release Provision. The Court will enter an order in

accordance with this Memorandum Opinion.

### End of Memorandum Opinion ###